CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 14 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL RANDOLPH HAMLETT, | CASE NO. 7:11CV00267 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| NORTHWESTERN REGIONAL ADULT DETENTION CENTER, | By: Samuel G. Wilson<br>United States District Judge |
| Defendant. | |

Paul Randolph Hamlett, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that jail officials at the Northwestern Regional Adult Detention Center ("the jail") violated his constitutional rights by strip searching him for contraband in front of other guards and inmates. The court finds that the defendant is not subject to suit under § 1983 and will, therefore, summarily dismiss this action.

I

Hamlett alleges the following sequence of events on which his claims are based. On April 1, 2011, the inmates in Hamlett's pod were told to leave the pod to allow officers to conduct a search of the area. Feeling a strong urge to urinate, Hamlett asked if he could use the restroom before leaving as ordered, but his request was denied, although he saw other inmates being allowed to use the restroom. Once out of the search area and in some discomfort, Hamlett asked another officer if he could use the restroom, and again, the request was denied. Finally, a half an hour later, a sergeant allowed Hamlett to go to the restroom. Then, officers told everyone who had used the restroom to line up along the restroom wall for a strip search. Hamlett alleges that the officers strip searched approximately twelve male inmates, side by side, in plain sight of

other inmates and staff. When Hamlett questioned the procedure, the officer told him that if he refused to cooperate with the search, he would receive a disciplinary charge.

Hamlett believes the strip search was "for nothing because at leas[t] 10 of the people that [were] searched had Dip in the[ir] mouths." He sues the jail, challenging the strip search as "illegal." As relief, he seeks monetary damages, payment of his fines, and reduction of his criminal sentence of imprisonment.[1]

II

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U. S. 658, 690 (1978). A governmental entity is liable under § 1983, however, only when the entity itself is a "moving force" behind the deprivation. Polk County v. Dodson, 454 U.S. 312, 326 (1981). "Thus, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817-818 (1985).

Plaintiff names only the jail as a defendant, but fails to state facts providing any link between jail policy and the correctional officers' allegedly illegal acts. Accordingly, plaintiff's complaint against the jail is without factual or legal substance. Accordingly, the action will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), as legally frivolous.[2]

---

[1] Plaintiff is advised that satisfaction of criminal fines and reduction in criminal penalties of imprisonment are not forms of relief generally available under § 1983.

[2] Pursuant to § 1915A(b)(1), as soon as practicable after docketing the court must dismiss an action filed by a prisoner against government officials that is found to be frivolous or malicious or that fails to state a claim upon which relief may be granted.

2

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of June, 2011.

_____
United States District Judge